UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY L. SUNDBERG and DEANN SUNDBERG, | ) )  ) | CIV. 03-4082-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER DENYING MOTION IN PART AND GRANTING IN PART TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS |
| OLDRICH V. BUBENIK, M.D., | ) ) | |
| Defendant. | ) | |

Defendant moves to exclude the testimony of plaintiffs' expert, Dr. Adel A. F. Hassan. Defendant contends that the proposed testimony should be excluded because Dr. Hassan's opinions are unreliable or irrelevant. Plaintiffs contend that the issues raised by defendant relate to the credibility of his opinions, not their admissibility.

Federal Rule of Evidence 702 provides, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Under Rule 702, "the trial judge [has] the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993).

The United States Supreme Court set forth four factors by which expert testimony should be evaluated in determining admissibility. Id. at 590-95. These factors include "whether the testimony can be (and has been) tested . . . whether the theory or technique has been subjected to peer review and publication . . . the known or potential rate of error," and whether the relevant scientific community has generally accepted the theory or technique. Id. at 593-94. The Daubert factors, however, are not a "definitive checklist or test." Id. at 593. The Supreme Court has also stated that "[t]he factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150, 119 S. Ct. 1167, 1175, 143 L. Ed. 2d 238 (1999). The Court went on to state that "whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." Id. at 153. See also Jaurequi v. Carter Mfg. Co., 173 F.3d 1076 (8th Cir. 1999).

A district court has broad discretion in determining reliability and relevance. United States v. Vesey, 338 F.3d 913, 916 (8th Cir. 2003). Indeed, Rule 702 "is one of admissibility rather than exclusion." Lauzon v.

Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001).  "Vigorous cross-examination [and] presentation of contrary evidence . . . are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 113 S. Ct. at 2798.

**A.   Informed Consent**

Defendant contends that Dr. Hassan's testimony regarding other options available to remove the food from Mr. Sundberg's esophagus and the risks associated with those options should be excluded because Dr. Hassan did not opine that Dr. Bubenik breached his duty to disclose any risks and alternatives.  Plaintiffs are not required to offer expert evidence on the issue of informed consent.  Savold v. Johnson, 443 N.W.2d 656, 659 (S.D. 1989).  The key issue is whether a reasonable person in Gary Sundberg's position would have agreed to the proposed treatment had he been fully informed of the potential risks.  Id.  "The risks associated with a particular method of treatment, the frequency or probability of their occurrence, alternatives to treatment, risks accompanying such alternatives, and the consequences of remaining untreated are examples of where expert medical evidence would generally be necessary to edify a lay jury."  Wheeler v. Madison, 374 N.W.2d 367, 375 (S.D. 1985).  This information is relevant to assist the trier of fact in evaluating whether a reasonable person would have given informed consent.  Id. at 375-76.  After

3

reviewing Dr. Hassan's testimony regarding the options available for food removal and the risks associated with each option, the court finds it is both reliable and relevant on the issue of informed consent. Therefore, defendant's motion in limine is denied at to this issue.

Defendant also contends the opinion was not properly disclosed under Rule 26(a)(2)(B). Dr. Hassan's deposition was taken by defendant more than a year ago and the opinion was disclosed at that time. The court finds such disclosure is adequate to comply with Rule 26. Furthermore, defendant can show no prejudice in light of the fact that he has been aware of Dr. Hassan's opinion for over a year and has had more than adequate time to rebut the opinion.

**B.    Delay in Treatment**

Defendant contends that Dr. Hassan's testimony regarding the complications that could occur as a result of Dr. Bubenik's delay in transferring Sundberg should be excluded. In particular, defendant moves to exclude any evidence that the delay could have caused Sundberg's stroke. Dr. Hassan acknowledged he was not a stroke expert and that he could not state with a reasonable degree of medical certainty that the stroke was caused by any delay in treatment. Hassan Deposition, pp. 67-72 (Docket 33, Exhibit 1). He further stated that had the repair to the esophagus been done sooner, Sundberg's stroke <u>might</u> have been prevented. <u>Id.</u>

4

"Daubert does not require proof with certainty. It does require that expert testimony be relevant and reliable." Sorensen v. Shaklee Corp., 31 F.3d 638, 650 (8th Cir. 1994). Here, plaintiffs' expert specifically admits he is unable to state with a reasonable degree of medical certainty that any delay in treatment caused the stroke. A differential diagnosis, where a medical expert explores all the possible causes of a stroke and eliminates other causes, is a valid method of establishing causation. Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Dr. Hassan does not testify that he attempted a differential diagnosis to rule out other potential causes of the stroke; he only testified that the delay in treatment was a possible cause.

Furthermore, Dr. Hassan never testifies and plaintiffs never explain how Dr. Hassan otherwise meets the other Daubert factors related to scientific validity. Dr. Hassan does not explain what methodologies or tests he used to determine that the stroke was caused by Sundberg's allegedly low oxygen levels and blood pressure. Additionally, Dr. Hassan does not reference any scientific articles, peer-reviewed studies, or other justification for his conclusion that Sundberg's stroke may have occurred as a result of the delay in treatment. For all these reasons, the expert testimony that Sundberg's stroke may have been caused by a delay in treatment fails to qualify for admissibility as relevant.

The court finds, however, that Dr. Hassan can testify as to his opinion that the delay in treatment resulted in severe respiratory problems for Sundberg that went unaddressed for several hours, subjecting Sundberg to a very high risk of mortality and morbidity. Dr. Hassan bases this opinion upon his general medical knowledge and defendant has not challenged his qualifications in this area. A jury can use their common sense to determine whether Sundberg suffered additional pain and emotional distress during this time period and whether Mrs. Sundberg suffered emotional distress during the period of delay. Accordingly, the court will not exclude the testimony of Dr. Hassan at trial as to the respiratory problems arising from the alleged delay in treatment. Accordingly, it is hereby

ORDERED that defendant's motion in limine (<u>Daubert</u> motion) to exclude testimony of plaintiffs' proposed expert Dr. Hassan (Docket 52) is denied as to informed consent and delayed treatment and granted as to the stroke and stroke causation.

Dated June 17, 2005.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE